IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FERNANDO LOPEZ-LLANOS          CIVIL NO.
PLAINTIFF

VS.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, USA, INC.,
UNKNOWN NAME ENTITY X, Y, Z
DEFENDANTS
++++++++++++++++++++++++++++++

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the plaintiff, Fernando López-Llanos, by an through his counsel of record, and very respectfully states and prays as follows:

I

JURISDICTION AND VENUE

1. This court has jurisdiction of this action under 28 U.S.C. 1332, in that plaintiff and defendants are citizens who belong to different states and countries, so that complete diversity exists. Further, the matter in controversy exceeds the sum or value of $75,000.00.

2. Venue is proper in the District of Puerto Rico, in that a substantial part of the events or omissions giving rise to the claim occurred or took place in this District.

II

PARTIES

3. Plaintiff, Fernando Lopez-Llanos, is a US Citizen, resident of Puerto Rico.

4. Defendant, Toyota Motor Corporation (TMC), is, and at all relevant times was, a Japanese's corporation with its headquarters in Toyota City, Aichi Prefecture, Japan. Defendant TMC may be served with Citation in accordance with the Federal Rules of Civil Procedure and the Hague

Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, TIAS #10072 (US Treaties & other International Acts) 20 UST 361 (US Treaties & other International Agreements), by servicing the Citation upon the office of Defendant with Citation at its offices at 1 Toyota-Cho, Toyota City, Aichi Prefecture 478571, Japan, phone: (0565)-28-2121, or otherwise, pursuant to the laws of Japan.

5. Toyota Motors Sales, USA, Inc. (TMS), is and at all relevant times was, a California Corporation with its principal place of business in Los Angeles County, California. Defendant TMS conducts business in the Commonwealth of Puerto Rico, derives substantial profits from its business in the Commonwealth of Puerto Rico, and may be served with process in this action by delivering summons and copy of this complaint to its registered agent for service, in Puerto Rico, through Toyota de Puerto Rico Corp.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named as "Unknown Name Entity X, Y and Z", are unknown to Plaintiffs who therefore sue such defendants by fictitious names. Plaintiff will seek leave of this Court to amend this complaint with the true names and capacities of the Entities defendants when the true names and capacities become known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege that each of the fictitiously named defendants is responsible in some manner for the claims, obligations, and damages sued upon herein.

7. The above named defendants are collectively referred to as the Defendants.

8. The Toyota Defendants conduct substantial business in all municipalities within the Commonwealth of Puerto Rico as well as in all the States in the United States.

III

FACTUAL ALEGATIONS

9. This is a civil action against Defendants bases upon information and belief that Defendants, and each of them, designed, manufactured, distributes, and sold certain automobiles with certain defective accelerator pedals system that mechanically stick in a partially depressed position or return slowly to the idle position, and also equipped with the Electronic Throttle Control System (ETC) with Intelligence (ETCS-I) and/or Electronic Throttle Control System (ETC) that is defective in that it will allow sudden unintended acceleration of the vehicle engine.

10. Defendant TOYOTA MOTOR CORPORATION (TMC) is the word's largest manufacturer of automobiles, sold throughout the United States and the world.

11. Defendant TOYOTA MOTOR SALES, USA, (TMS) is a wholly owned subsidiary of TMC in Japan.

12. The Toyota Defendants conducts substantial business in the Commonwealth of Puerto Rico.

13. Plaintiff Fernando López-Llanos, is the owner of a 2007 Camry LXE, purchased new in the Commonwealth of Puerto Rico.

14. Plaintiff contend that the 2007 Toyota Camry is designed, manufactured, and sold with Toyota's pedal mechanical design as well as the ETCS-I and/or ETC.

15. On or about January 12, 2009, Plaintiff Fernando López-Llanos, was driving the Toyota Camry 2007 in question, when the vehicle kept accelerating at the time he was pressing the brake pedal attempting to stop, causing a collision with another vehicle, injuring the persons inside his vehicle. The Camry vehicle was, at the time of

the accident, was being used in a manner that was reasonably foreseeable by the Defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

16. An official notice was sent by the 2nd of August of 2010, by Oriental Bank (the account holder of the auto financing), and received by Plaintiff the 4th of August 2010, notifying of the recall of his Camry, that is about a year and a half after the accident Plaintiff suffered because of Defendants actions and omissions.

## TOYOTA DEFENDANT'S DEVELOPMENT OF ETCS-I and DEFECTIVE ACCELERATOR PEDALS and mechanical systems.

17. On information and belief, beginning in the 1998 and continuing to the present, Defendants designed, manufactured, distributed, and sold certain automobiles equipped with Electronic Throttle Control System with Intelligence (ETCS-i).

18. Initially, Defendants designed their vehicle with both an electronic throttle control and a redundant mechanical linkage between the gas pedal and the engine throttle control as a failsafe in the event of a sudden unintended acceleration. This failsafe system would disconnect the (ETCS-i) and automatically allow the throttle to be controlled by the mechanical linkage.

19. Beginning in or about 2001, however, Defendants designed, manufactured, distributed, and sold Toyota and Lexus automobiles equipped with the (ETCS-i) without any redundant mechanical linkage between the gas pedal and the engine throttle control.

20. Also, for the years in the period including the date of manufacturing of Plaintiff's automobile, Defendant designed, manufactured, distributed, and sold certain

automobiles with certain accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position, that is defective.

## THE DANGER OF SUDDEEN UNINTENDED ACCELERATION

21. Plaintiff allege that Toyota and Lexus vehicles equipped with (ETCS-I) and/or ETC are defective and unsafe in that such vehicles are susceptible to incidents of sudden unintended acceleration rendering such vehicles uncontrollable.

22. Plaintiff allege that Toyota and Lexus vehicles equipped with accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position, are defective and unsafe in that such vehicles are susceptible to incidents of sudden unintended acceleration rendering such vehicles uncontrollable, as it happened to Plaintiff.

23. Plaintiff allege on information and belief that the Toyota Defendants have been fully aware of the recurring problem of sudden acceleration in their Toyota and Lexus vehicles equipped with ETCS-i and/or ETC, as well as with accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position.

## DEFENDANTS KNOWLEDGE of the SUDDEN UNINTENDED ACCELERATION DANGER

24. Plaintiff allege on information and belief that since the introduction of ETCS-i and/or ETC, more than 2,000 complaints of sudden unintended acceleration have been made by Toyota and Lexus owners with their autos equipped with ETCS-i and/or ETC. Also, the complaints point to the accelerator pedals that mechanically stick in a

partially depressed position or return slowly to the idle position, have been made by Toyota and Lexus owners to Toyota and government agencies.

25. Plaintiff allege on information and belief that sudden unintended accelerations in Toyota and Lexus vehicles equipped with ETCS-i and/or ETC, as well as with accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position, have resulted in automobile accidents causing deaths and injuries.

26. These complaints have resulted in numerous inquiries from the National Highway Traffic Safety Administration.

27. At all times relevant herein, the Toyota Defendants had full knowledge that Toyota and Lexus equipped with ETCS-i and/or ETC, as well as with accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position, were susceptible to incidents of sudden unintended acceleration that posed a significant risk of injury and death to vehicle occupants and other motorists and pedestrian alike.

28. Despite this knowledge, the Toyota Defendants continue to design, manufacture, advertise, and distribute Toyota and Lexus vehicles equipped with ETCS-i and/or ETC, as well as with accelerator pedals that mechanically stick in a partially depressed position or return slowly to the idle position, that are susceptible to incidents of sudden unintended acceleration and fail to incorporate critical failsafe measures to assist the driver in such an event.

29. Toyota willfully delayed before notifying the U.S. government of a problem to the National Highway Traffic Safety Administration's who's other recent investigation

into Toyota's practices resulted in a fine of almost seventeen million dollars. That investigation centered around the much-publicized "sticky pedals" in many Toyota cars, which cause the vehicles to continue accelerating even after a driver removes her foot from the accelerator and applies the brakes. The agency concluded that the company waited at least four months before notifying the authorities of this defect, thus endangering countless lives so that the company could prepare its publicity campaign.

30. Toyota, the manufacturer intentionally allowed the value of the product to depreciate, resulting in economic loss for consumers.

## FIRST CAUSE OF ACTION

31. Plaintiff refers to and incorporates herein by reference paragraphs 1 through 28, inclusive, of this complaint as if full set forth and realleged.

32. Defendants acted in violation of warranties laws all over the nation, including Puerto Rico. Under the Commonwealth of Puerto Rico, Law 7, 24th of September, 1979, as amended, also known as Motor Vehicle Warranty Law, in its section 2060, *"The builder or manufacturer will be responsible for all damages resulting from defects, in design, assembling or manufacturing of motor vehicles by the builder or manufacturer."* 10 LPRA sec. 2051 et seq.

33. In fact, the named Plaintiff, being a typical reasonable consumer, would not have purchased the product, if the Defendants had complied with the above mentioned law.

34. A reasonable consumer would want to know by clear disclosure before purchasing such products that the products have an undisclosed propensity for sudden unintended acceleration.

35. As a result of Defendant's violation of the Puerto Rico law, Plaintiff have incurred damages which include, but are not necessarily limited to, vehicle purchase or lease const, repair costs, interrupted use of the vehicles and diminished value of vehicle.

36. Further, as a result of Defendant's conduct, Defendants have been and will be unjustly enriched by the receipt of millions of dollars in fees, profits and other monies from the wrongful sales in Puerto Rico, and to Plaintiff, of said products, which were sold through deceptive practices which affirmatively and by omission misrepresented the true nature of the products.

## SECOND CAUSE OF ACTION

37. Plaintiff re-alleges all preceding paragraphs.

38. Defendants violated several of the dispositions of the Puerto Rico's Civil Code. Articles 1350, 1363, 1373, 1374 and 1375, of the Civil Code of Puerto Rico, establishes the responsibilities in regard to the respond to a person who acquires a good with a defect in its original. It is a fact that company waited at least four months before notifying the authorities of this defect, thus endangering countless lives so that the company could prepare its publicity campaign. Manufacturers of food products, drinks, engineering goods, medicines, etc. are expected to be careful in their production. If they fail in their duty, they are liable to pay compensation for the consequences because their defective products might cause damages.

## THIRD CAUSE OF ACTION

39. Plaintiff re-alleges all preceding paragraphs.

40. Defendants violated public law 5, April 23rd, 1973, as amended, section 341r, which clearly states that "Is prohibited all types of act, practices, advertisement or publicity

that constitutes or tend to constitute fraud and/or deception and/or false representation, about brand, price, quantity, size, quality, warranty and sanitary condition of a product, article or services. Any violation of this section will be a violation of a public law and for each day the situation continues it will constitute a separate violation.".

## FOURTH CAUSE OF ACTION

41. Plaintiff re-alleges all preceding paragraphs.

42. Defendants responds to Plaintiff under the Civil Code Article 1803 (32 LPRA section 5141), "That who by action or negligence produces damages to another person, by intention or negligence, is obligated to repair the damages." Since the damages suffered by Plaintiff as a result of the accident as described before (allegations 12, 13 and 14) were the result of the defective manufacturing of the vehicle he was driving, that could have been prevented if defendant have informed it customers of the danger they knew their manufactured product carried, Defendants must respond for their actions and omissions.

43. As a result of said accident, Plaintiff suffered physical as well as emotional damages, which need to be compensated. Lack of use of the auto is as well a result of the accident.

44. Plaintiffs' injuries were the legal (proximate) result of the acts and/or omissions of the Defendants, who design and manufactured the vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, prays for relief as follows:

- A. For general damages according to proof at the time of trial;
- B. For prejudgment interest to the extent allowed by law;
- B. For costs incurred in this action;
- C. For reasonable attorney's fees and costs;
- D. For costs of suit incurred herein;
- E. For other and further relief as the Court and law may allow.

Plaintiff, hereby demand a trial by jury herein.

Respectfully submitted, in San Juan, Puerto Rico, this 1st August of 2011.

S/ Luis G. Salas Gonzalez, USDC 207806
535 Escorial Ave., San Juan, Puerto Rico 00920
787-372-3530/
salasbarresilaw@hotmail.com